United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAROLD J. RUCKER,

    Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF
CHILD SUPPORT SERVICES, et al.,

    Defendants.

_____/

No. C 12-2632 PJH

**ORDER DENYING TEMPORARY RESTRAINING ORDER, DENYING REQUEST TO PROCEED IN FORMA PAUPERIS, AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Plaintiff's ex parte motion for a temporary restraining order was filed on May 29, 2012. Having read the plaintiff's papers and carefully considered his arguments and the relevant legal authority, the court hereby rules as follows.

Under Federal Rule of Civil Procedure 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Ex parte relief is to be granted sparingly. "The stringent restrictions imposed . . . by Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974).

Accordingly, courts have generally confined ex parte injunctive relief to two situations. See Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). First, a plaintiff may obtain ex parte relief where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing. Id. Second, courts have recognized a "very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." Id. (citation and quotation omitted).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008); see also Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted). The legal standard governing requests for temporary restraining orders is the same as that governing the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter, 555 U.S. at 20. Alternatively, the plaintiff may demonstrate that the likelihood of success is such that the balance of hardships tips sharply in the plaintiff's favor," so long as the other two elements of the Winter test are met. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). A "serious question" is one on which the plaintiff "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

Here, plaintiff has not met the requirements of Rule 65(b)(1). Plaintiff has not shown that he would suffer irreparable injury - on the contrary, it is well-established that "monetary injury is not normally considered irreparable" because money can be replaced. See, e.g., Los Angeles Memorial Coliseum Commission v. National Football League, 634 F.2d 1197, 1202 (9th Cir. 1980). Nor has plaintiff provided written certification of efforts made to give notice and reasons why it should not be required. Instead, plaintiff provided a paragraph in his declaration stating only that he has "informed Chief Attorney, John Vartanian, that I will be applying in Ex Parte for a Temporary Restraining Order and that I would fax him a copy." Rucker Decl., ¶ 67. Additionally, plaintiff has failed to demonstrate likelihood of success on the merits, or that the balance of equities or the public interest weigh in favor of granting the requested relief. Accordingly, plaintiff's request for a temporary restraining order is DENIED.

The court has also reviewed plaintiff's complaint and application to proceed in forma pauperis, both filed on May 22, 2012. Because the action appears to be frivolous, the court denies plaintiff's action and dismisses the complaint, with leave to amend.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the

complaint could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

The court finds that the complaint, as currently pleaded, lacks merit. Plaintiff seeks relief that has already been denied by both state and federal courts. Federal courts are not empowered to review errors allegedly committed by state courts. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); D.C. Ct. App. v. Feldman, 460 U.S. 462, 482 (1983). Further, federal courts are required to abstain from hearing a case if there is an ongoing state proceeding. See Younger v. Harris, 401 U.S. 37, 40 (1971). It is also not clear from the complaint that the court has subject matter jurisdiction as paragraph 10 of the complaint suggests that plaintiff is invoking diversity jurisdiction, even though it is apparent that all parties are not diverse, while at the same time invoking federal question jurisdiction by alleging constitutional violations. Accordingly, the court DENIES plaintiff's request to proceed in forma pauperis and DISMISSES the complaint.

Although the court is of the opinion that repleading will not solve the deficiencies in the complaint, the court will allow plaintiff an opportunity to file an amended complaint. For that amended complaint to be successful, plaintiff must plead the status of any state court proceedings, so that the court can determine whether absention or claim preclusion is proper. The amended complaint must make it clear why this case is different than prior cases plaintiff has brought about his child support payments. The amended complaint shall set forth each cause of action in separate numbered paragraphs citing the authority under which the cause of action is brought and the facts supporting it, and identifying which defendant(s) is being accused.

Plaintiff must also specifically establish that this court has subject matter jurisdiction to hear this case. Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states and the amount in controversy is at least $75,000), or a federal question, or those cases to which the United States is a party. See,

e.g., Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. at 377. If the amended complaint still fails to properly establish subject matter jurisdiction, the court has the power to dismiss the complaint sua sponte. See Fed. R. Civ. P. 12(h)(3). Any amended complaint must be filed no later than **June 20, 2012**.

If plaintiff fails to file an amended complaint by June 20, 2012, or if he files an amended complaint not in accordance with the above instructions, the case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: May 31, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge