**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAROLD J. RUCKER,

          Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF
CHILD SUPPORT SERVICES, et al.,

          Defendants.

_____/

No. C 12-2632 PJH

**ORDER DENYING TEMPORARY
RESTRAINING ORDER, DENYING
REQUEST TO PROCEED IN FORMA
PAUPERIS, AND DISMISSING
COMPLAINT WITH LEAVE TO AMEND**

      Plaintiff's ex parte motion for a temporary restraining order was filed on May 29,

2012.  Having read the plaintiff's papers and carefully considered his arguments and the

relevant legal authority, the court hereby rules as follows.

      Under Federal Rule of Civil Procedure 65(b)(1):

          The court may issue a temporary restraining order without written or oral

          notice to the adverse party or its attorney only if:

          (A) specific facts in an affidavit or a verified complaint clearly show that

          immediate and irreparable injury, loss, or damage will result to the movant

          before the adverse party can be heard in opposition; and

          (B) the movant's attorney certifies in writing any efforts made to give notice

          and the reasons why it should not be required.

      Ex parte relief is to be granted sparingly.  "The stringent restrictions imposed . . . by

Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our

entire jurisprudence runs counter to the notion of court action taken before reasonable

notice and an opportunity to be heard has been granted both sides of a dispute."  Granny

Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974).

United States District Court

For the Northern District of California

1       Accordingly, courts have generally confined ex parte injunctive relief to two

2 situations.  See Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir.

3 2006).  First, a plaintiff may obtain ex parte relief where notice to the adverse party is

4 impossible either because the identity of the adverse party is unknown or because a known

5 party cannot be located in time for a hearing.  Id.  Second, courts have recognized a "very

6 narrow band of cases in which ex parte orders are proper because notice to the defendant

7 would render fruitless the further prosecution of the action."  Id.  (citation and quotation

8 omitted).

9       An injunction is a matter of equitable discretion and is "an extraordinary remedy that

10 may only be awarded upon a clear showing that the plaintiff is entitled to such relief."

11 Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008); see also Munaf

12 v. Geren, 553 U.S. 674, 689-90 (2008).  A preliminary injunction "should not be granted

13 unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v.

14 Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted).   The legal standard

15 governing requests for temporary restraining orders is the same as that governing the

16 issuance of a preliminary injunction.  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434

17 U.S. 1345, 1347 n.2 (1977); Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240

18 F.3d 832, 839 n.7 (9th Cir. 2001).

19       A plaintiff seeking a preliminary injunction must establish that he is likely to succeed

20 on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

21 that the balance of equities tips in his favor, and that an injunction is in the public interest.

22 Winter, 555 U.S. at 20.  Alternatively, the plaintiff may demonstrate that the likelihood of

23 success is such that the balance of hardships tips sharply in the plaintiff's favor," so long as

24 the other two elements of the Winter test are met.  Alliance for Wild Rockies v. Cottrell, 632

25 F.3d 1127, 1131-32 (9th Cir. 2011).  A "serious question" is one on which the plaintiff "has a

26 fair chance of success on the merits."  Sierra On-Line, Inc. v. Phoenix Software, Inc., 739

27 F.2d 1415, 1421 (9th Cir. 1984).

28

**United States District Court**
For the Northern District of California

1    Here, plaintiff has not met the requirements of Rule 65(b)(1).  Plaintiff has not shown

2    that he would suffer irreparable injury - on the contrary, it is well-established that "monetary

3    injury is not normally considered irreparable" because money can be replaced.  See, e.g.,

4    Los Angeles Memorial Coliseum Commission v. National Football League, 634 F.2d 1197,

5    1202 (9th Cir. 1980).  Nor has plaintiff provided written certification of efforts made to give

6    notice and reasons why it should not be required.  Instead, plaintiff provided a paragraph in

7    his declaration stating only that he has "informed Chief Attorney, John Vartanian, that I will

8    be applying in Ex Parte for a Temporary Restraining Order and that I would fax him a

9    copy."  Rucker Decl., ¶ 67.  Additionally, plaintiff has failed to demonstrate likelihood of

10   success on the merits, or that the balance of equities or the public interest weigh in favor of

11   granting the requested relief.  Accordingly, plaintiff's request for a temporary restraining

12   order is DENIED.

13       The court has also reviewed plaintiff's complaint and application to proceed in forma

14   pauperis, both filed on May 22, 2012.  Because the action appears to be frivolous, the court

15   denies plaintiff's action and dismisses the complaint, with leave to amend.

16       Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the

17   commencement . . . of any suit . . . without prepayment of fees and costs or security

18   therefor, by a person who makes affidavit that he is unable to pay such costs or give

19   security therefor."  In reviewing an application to proceed in forma pauperis, the court may

20   dismiss a case sua sponte if the court determines that the party applying for in forma

21   pauperis status has filed a frivolous action.  28 U.S.C. § 1915(e)(2); Jackson v. Arizona,

22   885 F.2d 639, 640 (9th Cir. 1989).  For purposes of 28 U.S.C. § 1915, a frivolous claim is

23   one that lacks an arguable basis in either law or fact.  Neitzke v. Williams, 490 U.S. 319,

24   325, 109 S. Ct. 1827, 1831-32 (1989).  Where a litigant is acting pro se and the court finds

25   the litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court

26   must give the litigant notice of the deficiencies of the complaint and an opportunity to

27   amend before final dismissal, unless it is absolutely clear that the deficiencies of the

28

3

United States District Court

For the Northern District of California

1  complaint could not be cured by amendment.  See Cato v. United States, 70 F.3d 1103,

2  1106 (9th Cir. 1995).

3       The court finds that the complaint, as currently pleaded, lacks merit.  Plaintiff seeks

4  relief that has already been denied by both state and federal courts.  Federal courts are not

5  empowered to review errors allegedly committed by state courts.  See Rooker v. Fidelity

6  Trust Co., 263 U.S. 413, 416 (1923); D.C. Ct. App. v. Feldman, 460 U.S. 462, 482 (1983).

7  Further, federal courts are required to abstain from hearing a case if there is an ongoing

8  state proceeding.  See Younger v. Harris, 401 U.S. 37, 40 (1971).  It is also not clear from

9  the complaint that the court has subject matter jurisdiction as paragraph 10 of the complaint

10  suggests that plaintiff is invoking diversity jurisdiction, even though it is apparent that all

11  parties are not diverse, while at the same time invoking federal question jurisdiction by

12  alleging constitutional violations.   Accordingly, the court DENIES plaintiff's request to

13  proceed in forma pauperis and DISMISSES the complaint.

14       Although the court is of the opinion that repleading will not solve the deficiencies in

15  the complaint, the court will allow plaintiff an opportunity to file an amended complaint.  For

16  that amended complaint to be successful, plaintiff must plead the status of any state court

17  proceedings, so that the court can determine whether absention or claim preclusion is

18  proper.  The amended complaint must make it clear why this case is different than prior

19  cases plaintiff has brought about his child support payments.  The amended complaint shall

20  set forth each cause of action in separate numbered paragraphs citing the authority under

21  which the cause of action is brought and the facts supporting it, and identifying which

22  defendant(s) is being accused.

23       Plaintiff must also specifically establish that this court has subject matter jurisdiction

24  to hear this case.  Federal courts can only adjudicate cases which the Constitution or

25  Congress authorize them to adjudicate: those cases involving diversity of citizenship

26  (where the parties are from diverse states and the amount in controversy is at least

27  $75,000), or a federal question, or those cases to which the United States is a party.  See,

28

1   e.g., Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994).  Federal

2   courts are presumptively without jurisdiction over civil cases and the burden of establishing

3   the contrary rests upon the party asserting jurisdiction.  Id. at 377.  If the amended

4   complaint still fails to properly establish subject matter jurisdiction, the court has the power

5   to dismiss the complaint sua sponte.  See Fed. R. Civ. P. 12(h)(3).  Any amended

6   complaint must be filed no later than **June 20, 2012**.

7        If plaintiff fails to file an amended complaint by June 20, 2012, or if he files an

8   amended complaint not in accordance with the above instructions, the case will be

9   dismissed with prejudice.

10

11       **IT IS SO ORDERED.**

12

Dated: May 31, 2012

13

14                                                                    PHYLLIS J. HAMILTON
                                                                      United States District Judge

United States District Court
For the Northern District of California

5